UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

**JONATHAN WILLIS,**

    **Plaintiff,**

v.

**VERTEX AEROSPACE LLC,**
**A foreign limited liability company,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, JONATHAN WILLIS ("Mr. Willis" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Santa Rosa County, Florida.

4. Plaintiff worked for Defendant in Santa Rosa County, Florida, and the venue, therefore, for this case is the Pensacola Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mr. Willis worked as a Senior Database Administrator for Defendant from August 28, 2017, until his termination on October 24, 2018.

8. During his tenure, Mr. Willis was an excellent employee with no legitimate history of attendance, disciplinary, or performance issues.

9. Mr. Willis is a veteran living with service-connected serious health conditions as defined by the FMLA.

10. During his employment, Defendant's management was aware that Mr. Willis received compensation for his service-connected serious health conditions and periodically excused him from work for scheduled doctor's appointments related to same.

11. Despite his serious health conditions, Mr. Willis showed his value to Defendant as he was initially hired as a union employee and within a week, was promoted/transitioned to a salaried position with Defendant.

12. On October 19, 2018, Mr. Willis suffered overwhelming anxiety, and he notified management that he felt very uncomfortable in the workplace due to same.

13. Throughout the weekend of October 20-21, 2018, Mr. Willis continued to suffer from severe flare ups and symptoms related to his serious health condition, which included shortness of breath and chest pains.

14. On October 22, 2018, Mr. Willis had a severe and overwhelming episode related to his serious health condition, and went to the Veteran's Affairs clinic for treatment.

15. While at the clinic, Mr. Willis' symptoms grew so severe that he fainted.

16. Accordingly, he was rushed to the local emergency room and eventually admitted into the hospital.

17. During his hospital stay, his medical team instructed him that he needed to take medical leave time away from work.

18. The following day, on October 23, 2018, Mr. Willis informed his manager of his hospitalization the day prior and of his need for additional medical leave time away from work.

19. Mr. Willis requested to use PTO/unpaid leave and/or FMLA leave.

20. However, Defendant failed to provide Mr. Willis with any documentation to apply for FMLA leave.

21. Surprisingly, on October 24, 2018, and despite having notice of his medical situation and need for FMLA protected leave, Defendant terminated Plaintiff's employment over the phone.

22. Defendant stated that Plaintiff was being terminated due to unauthorized absences.

23. Plaintiff's absences stemming from his serious medical condition should have been protected under the FMLA, but instead they were used to retaliate against him following Mr. Willis' inquiry into his rights under the FMLA, and need for FMLA leave.

24. An employer's failure to provide an employee with proper guidance and notice of her FMLA rights, amounts to actionable interference. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

25. Based on the foregoing, Plaintiff was not returned to the same, or substantially similar/equivalent position upon what would be his return from FMLA leave.

26. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

27. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

28. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for him for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

29. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

30. Defendant's stated reason for Plaintiff's termination is direct evidence that Plaintiff was terminated for FMLA protected absences.

31. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for use of FMLA protected leave.

32. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

36. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

37. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

40. At all times relevant hereto, Plaintiff was protected by the FMLA.

41. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

42. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

43. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

44. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 20th day of August 2019.

        Respectfully Submitted,

        ***/s/ Noah E. Storch***
        Noah E. Storch, Esquire
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        Email: noah@floridaovertimelawyer.com

        *Attorneys for Plaintiff*